IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-193-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WALLACE DIXON COX and LISA COX, ) | |
| Defendants. ) | |

This matter is before the clerk on the motion for entry of default filed by the Government [DE-10]. The motion is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, counsel for the Government states that defendants "were served with a Complaint and Summons on October 21 and 23, 2015." Mot. for Entry or Default [DE-10] at 1. The docket, however, contains no proof of such service.[1]

Defendants have no obligation to file and serve a responsive pleading until properly served. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013)

---

[1] The Government also notes that defendants filed two motions for extension of time. The filing of a motion for extension of time, however, does not waive a defendant's arguments regarding insufficient process, insufficient service of process, or lack of personal jurisdiction. See Fed. R. Civ. P. 12(h)(1); see also Swanson v. City of Hammond, Ind., No. 10-3629, 411 F. App'x 913, 915-16, 2011 WL 834024, at *2 (7th Cir. Mar. 10, 2011) ("[Plaintiff] argues that the defendants waived their objections to personal jurisdiction when they moved for an extension of time to file their responsive pleadings. Not so. Preliminary injunction actions, such as the defendants' request for an extension of time to file their responsive pleading, do not waiver or forfeit personal jurisdiction defenses.").

(explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A). The Government has not made the showing of proper service upon either defendant, and consequently, the clerk cannot find that entry of default is appropriate.

Accordingly, the Motion for Entry of Default as to Defendants Wallace Dixon Cox and Lisa Cox [DE-10] is DENIED without prejudice to renew within 30 days. Any new motion for entry of default must be supported by proof of service as mandated by the Federal Rules of Civil Procedure.

SO ORDERED. This the 16th day of June, 2016.

_____
Julie Richards Johnston
Clerk of Court

2
Case 7:15-cv-00193-F   Document 11   Filed 06/16/16   Page 2 of 2