IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-193-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WALLACE DIXON COX and LISA COX, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings and defendants' motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1) and (c). The appropriate responses and replies have been filed and a hearing on the motions was held before the undersigned on August 11, 2017, at Raleigh, North Carolina. For the reasons that follow, the motion to dismiss is allowed in part and the motion for judgment on the pleadings is allowed in part.

## BACKGROUND

On September 3, 2015, plaintiff, the government, initiated this action on behalf of its agency the Internal Revenue Service seeking a judgment of foreclosure in its favor directing the judicial sale of real property located in Brunswick, Bladen, Robeson, Scotland, and Davidson Counties, North Carolina; in Horry and Marlboro Counties, South Carolina; and in Jefferson County, Alabama by the United States Marshal. The government alleges that defendants Wallace and Lisa Cox, who are married and reside in Robeson County, North Carolina, are justly and truly indebted to the government as a result of promissory notes executed by them in accordance with a

settlement agreement entered into in a civil forfeiture action, *United States v. Cox Personal and Real Property*, No. 7:07-CV-128-F (E.D.N.C), which was approved by the Court on December 23, 2010. The settlement agreement as approved provided that Wallace and Lisa Cox (the Coxes) agreed to pay the government $3,066,837.25 on the terms outlined in the settlement agreement, with the final payment being due December 23, 2013, and the Coxes executing promissory notes and securing the same by deeds of trust on thirty-five tracts of real property. The government alleges that, as contemplated by the settlement agreement, six tracts of property – three in Jefferson County, Alabama, two in Robeson County, North Carolina, and one in Bladen County, North Carolina – have been sold by the Coxes and released from the deeds of trust. On February 16, 2014, after having failed to pay the total amount owed to the government by the date the last payment was due, the Coxes executed another promissory note and deed of trust providing additional security to the government. The government alleges that there remains $3,198,987.12 due and owing to the government in principal and accrued interest through August 20, 2015. The government seeks to foreclose on the subject property and requests that it be paid the amount of its claim out of the proceeds of the sale, after payment of costs associated with the sale.

The Coxes, after being served with the complaint, filed answers and counterclaims against the government for violation of their constitutional rights, specifically for violation of the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. The Coxes contend that their attorney who represented them in the settlement of the *in rem* forfeiture action led them to believe that the settlement agreement would resolve all outstanding issues with the government, criminal and civil. After the execution of the settlement agreement, however, which was signed by counsel for the Coxes and not the Coxes themselves, the government initiated criminal proceedings against them. The Coxes both pleaded guilty and

Wallace Cox was sentenced to thirty-three months' imprisonment and a $50,000 fine and Lisa Cox was sentenced to three years of probation and a $50,000 fine. *United States v. Cox*, 7:11-CR-9-F (E.D.N.C.).

## DISCUSSION

I.  Motion to dismiss.

As it concerns the Court's subject matter jurisdiction, the Court considers first the Coxes' motion to dismiss. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Coxes first move to dismiss the complaint for judicial foreclosure of property located outside of North Carolina. They further argue that the government failed to make the appropriate trustees party plaintiffs, which is required by statute. N.C. Gen. Stat. § 45-45.3. The Court considers each argument in turn.

Although the "debt" in this case arose from the settlement of the Coxes' claims to property in the prior civil forfeiture action, the following discussion is instructive:

> When a debtor defaults on a secured debt, the creditor generally has two remedies. He may bring an action at law to recover on the promissory note or other written evidence of the debt, or he may bring an equitable action to foreclose on the property securing the debt. Although law and equity have merged, and although many jurisdictions permit a creditor to pursue these two remedies simultaneously, there remain important distinctions between the two remedies. An action on the promissory note is in personam; the creditor seeks to recover money from the debtor. As discussed above, such an action is one "for

3

money damages ... founded upon [a] contract." By contrast, an action to foreclose on the property securing the debt is in rem; the creditor's remedy is limited to the property. As one commentator has said, "A foreclosure suit has been said to be merely a proceeding for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction." Thus, in a foreclosure action, the creditor does *not* seek to recover money directly from the debtor; rather, he seeks only to satisfy the debt through seizure and sale of the property. The creditor's right to seek satisfaction of the debt from the property is independent of his right to seek satisfaction from the debtor.

*United States v. Alvarado*, 5 F.3d 1425, 1428–29 (11th Cir. 1993) (internal citations omitted); *see also Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990). Here, the government seeks both a money judgment against the Coxes personally and authorization of a judicial foreclosure proceeding on the property subject to valid promissory notes and deeds of trusts. While 28 U.S.C. § 2002, which provides the procedure to be followed in a federal judicial foreclosure sale, specifically contemplates that property subject to foreclosure may be situated in more than one county, state, district, or circuit, this Court is without the authority in an *in rem* proceeding to directly affect title to property outside of its jurisdiction. Indeed, in a case cited by the government, the Supreme Court has held that

a court of equity, acting upon the person of the defendant, may decree a conveyance of land situated in another jurisdiction, and even in a foreign country, and enforce the execution of the decree by process against the defendant; but, it was said: 'Neither its decree nor any conveyance under it, except by the party to whom the title is vested, is of any efficacy beyond the jurisdiction of the court.'

*Fall v. Eastin*, 215 U.S. 1, 9 (1909) (citation omitted); *see also S. Floridabanc, S.A. v. Feldman*, 703 F. Supp. 627, 628 (E.D. Mich. 1989) ("Generally, a judgment in one state cannot operate so as to affect title to land in another state.").[1] Accordingly, the Court finds that while it may enter

---

[1] The Court is unaware of and has been presented with no case in which a federal district court has authorized the foreclosure sale of property located outside of the judicial district in which the federal district court sits. *See, e.g., United States v. Watson*, No. 1:15CV00052, 2017 WL 656926, at *1 (W.D. Va. Jan. 27, 2017) (seeking foreclosure sale of properties in Bristol, Virginia); *United States v. Jewell*, No. 1:16-CV-00476-GZS, 2017 WL 384284, at *1 (D. Me.

4

judgment against the Coxes personally, it cannot order the judicial foreclosure sale of property located outside the state of North Carolina, and more specifically the Eastern District of North Carolina.[2] To the extent this is consistent with the relief requested in defendant's motion to dismiss, the motion is allowed in part.

The government in response to the motion to dismiss does not dispute that it has failed to name the appropriate trustees as party plaintiffs and asks that the Court either deem the pleadings properly amended or allow the government to file an amended complaint. The government shall file an amended complaint within fourteen (14) days of the date of entry of this order correcting this deficiency. *See United States v. Wise*, No. 5:14-CV-844-FL, 2015 WL 5918027, at *5 (E.D.N.C. Oct. 9, 2015). The motion to dismiss on this ground is denied.

B.    Motion for judgment on the pleadings.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." A Rule 12(c) motion for judgment on the pleadings is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must allege enough facts to state a claim for relief that is facially plausible, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and judgment on the pleadings is appropriate where, having considered both the complaint and the answer and having viewed all facts drawn all reasonable inferences in the non-moving party's favor, the undisputed facts

---

Jan. 25, 2017) (seeking foreclosure sale of property located in Maine); *United States v. Pinkerton*, No. CIV. 5:97CV199, 2000 WL 1274239, at *1 (W.D.N.C. July 5, 2000) (seeking foreclosure sale of property in Iredell County, North Carolina).

[2] The Court further notes, however, that "Where a party over which a court has personal jurisdiction is ordered by that court to convey certain property outside the state, the order will be given res judicata or collateral estoppel effect in an action for enforcement of the order brought in a sister state." 30 Am. Jur. 2d Executions, Etc. § 691.

5

demonstrate that the movant, here the plaintiff, is entitled to judgment as a matter of law. *See Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). The Court may consider documents attached to and integral to the complaint without converting the motion to one for summary judgment. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Civ. P. 10(c).

Defendants' counterclaims under the Fifth and Eighth Amendments lack merit and are appropriately dismissed. The Coxes contend that the filing of criminal charges after the civil *in rem* forfeiture proceeding constitutes a violation of the Double Jeopardy Clause of the Fifth Amendment, but such argument has long been flatly rejected. *United States v. Ursery*, 518 U.S. 267, 275 (1996) (Double Jeopardy Clause not implicated in civil forfeiture actions). This proceeding further does not implicate the Double Jeopardy Clause as it is a civil matter, not a criminal or forfeiture matter of any type.

The Excessive Fines Clause of the Eighth Amendment bars judgments imposing excessive fines and punishments. U.S. Const. amend. VIII. While the Excessive Fines Clause applies to *in rem* civil forfeiture proceedings, *Austin v. United States*, 509 U.S. 602, 604 (1993), this is not an *in rem* civil forfeiture proceeding. Rather, this is, at bottom, an action to enforce the 2010 settlement agreement. Moreover, the settlement agreement reflects that the Coxes waived any claims contesting the forfeiture or arising out of the seizure of the subject property. [DE 1-2 ¶ 9]. This counterclaim is properly dismissed.

Although defendants now contest the authority of their attorney to enter into the civil forfeiture settlement agreement, it is undisputed that the attorney who signed the settlement agreement for the Coxes appeared in the civil forfeiture matter on their behalf; there is therefore a presumption that he possessed authority to act on the Coxes' behalf. *See* No. 7:07-CV-128-F [DE

14-16]; *Harris v. Ray Johnson Const. Co.*, 139 N.C. App. 827, 829 (2000).[3] Moreover, the Coxes do not contest that their signatures appear on each of the promissory notes and deeds of trust relied on by the government. *See* [DE 1 at Ex. 3-14]. After the settlement agreement was entered, the Coxes' conduct in signing seven individual deeds of trust contemplated by the original settlement agreement further supports that their attorney had authority to enter into the settlement agreement. Finally, although the settlement was entered into in 2010, the Coxes have not challenged its validity until now, even though on February 16, 2014, they signed an additional promissory note and deed of trust, whereby they recognized the remaining debt owed to the government.

"To demonstrate the propriety of an order authorizing a judicial foreclosure on real property, the government must prove: 1) a valid debt of which it is the holder; 2) a default under the terms of the notes; and 3) a right to foreclose." *Wise*, No. 5:14-CV-844-FL, 2015 WL 5918027, at *5 (citing *In re Bass,* 366 N.C. 464, 467, 738 S.E.2d 173 (2013)). The promissory notes in the record demonstrate that the government is the holder of a valid debt. It is undisputed that plaintiffs are in default. "The government, as note holder and beneficiary under the deeds of trust has the authority to seek a judicial order authorizing foreclosure." *Id.* At a minimum, the Coxes have not contested the validity of the promissory note entered into on February 6, 2014, promising to pay the United States Department of the Treasury the principal sum of $3,066,937.25 with interest of 5% per annum on the unpaid balance until paid or until default, that such note was due and payable on December 23, 2014, and that such note was not paid. [DE 1-15].

The government has established that it is entitled to entry of judgment in its favor and against the Coxes personally in the amount due and owing of $3,198,987.12 with interest at 5% per annum at the daily rate of $444.30 through the date of judgment and interest legally recoverable

---

[3] The Coxes refer in their motion to dismiss to an affidavit submitted by Wallace Cox, but there does not appear to be an affidavit on the Court's docket.

7

thereafter. The government is also entitled to a judgment of foreclosure in its favor directing the judicial sale of real property located in Brunswick, Bladen, and Robeson Counties, North Carolina.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 41 & 42] are GRANTED IN PART and DENIED IN PART. The government's motion for judgment on the pleadings [DE 36] is GRANTED IN PART and DENIED IN PART. The government is ORDERED to file within fourteen days (14) days of the date of entry of this order an amended complaint naming the proper party plaintiffs. This matter will thereafter be reduced to judgment by order of the Court.

SO ORDERED, this _6_ day of September, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE